UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLORHAM VILLAGE, LLC,** | Civ. No. 2:13-3160 |
| Plaintiff, | (KM)(MAH) |
| v. | OPINION |
| **NEW JERSEY CVS PHARMACY, LLC and CVS CAREMARK CORP. d/b/a CVS CORP.,** | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendants, New Jersey CVS Pharmacy, LLC and CVS Caremark Corp., to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' motion is **DENIED**.

I.   BACKGROUND

Plaintiff, Florham Village LLC, brings this lawsuit against New Jersey CVS Pharmacy, LLC and CVS Caremark Corp. (collectively, "Defendants") for breach of contract regarding Defendants' failure to pay rent under a lease agreement for a CVS Pharmacy store in Florham Park, New Jersey. Compl. (Docket No. 1-1). The facts alleged in the Complaint are assumed to be true for the purpose of this motion to dismiss.

Plaintiff Florham Village is the owner of real property in a retail shopping center at 187 Columbia Turnpike, Florham Park, New Jersey. Compl. ¶ 5. A portion of that shopping center was leased by New Jersey CVS for a retail drugstore and pharmacy pursuant to a lease dated November 11, 2008. *Id.* Under ¶ 2(a) of the lease, the terms and obligations of the lease took effect upon delivery of the premises to New Jersey CVS. Lease (Docket No. 4-4) ¶

2(a);[1] Compl. ¶ 8. The lease defines "delivery" as the point in time when the landlord's work is "substantially completed." *Id.* ¶¶ 2(a), 2(g). New Jersey CVS's obligation to pay rent commenced 120 days after the date of delivery of the premises. *Id.* ¶2(a).

Plaintiff alleges that the premises were "delivered" on April 3, 2007. Delivery was memorialized in a letter sent to Mike Buckless, the New Jersey CVS regional director of real estate, and copied to CVS Corp. Compl. ¶ 8. Delivery of the premises occurred, according to plaintiff, when Frederic Kruvant, a principal of Florham Village, notified New Jersey CVS that the construction work was "substantially complete" as of April 3, 2007. *Id.* Based on that delivery date, the rent obligation would have commenced 120 days later, on August 1, 2007. *Id.* ¶ 10.

On April 18, 2007, however, Brenna Jordan of New Jersey CVS transmitted a letter to Kruvant via UPS overnight delivery. That letter notified Florham Village that New Jersey CVS disputed the delivery date, and asserted that delivery had not yet occurred. *Id.* ¶ 11. In a second letter to Kruvant dated December 10, 2007, New Jersey CVS asserted that the delivery date of the premises was July 2, 2007, and that therefore its rent obligation commenced on October 30, 2007. *Id.* ¶ 12. New Jersey CVS did not commence rent payments until October 30, 2007. *Id.* ¶ 13.

The dispute, then, is whether the obligation to pay rent began on August 1, 2007, or October 30, 2007. Florham Village alleges it demanded the rent for the 90 days between August 1, 2007 and October 30, 2007, totaling approximately $129,465. *Id.* ¶¶ 15-16. New Jersey CVS refused to pay the rent for that period. Florham Village contends that Defendants are in default of their obligations under the lease. *Id.* ¶ 15.

The dispute over the delivery date also affects the effective date of a negotiated rent increase. Under the terms of the lease, the rent increased by $4,315 per month at the start of the sixth year. *Id.* ¶¶ 17, 18. Because the parties disagree as to the start date, they also disagree as to the date of the sixth-year rent increase. Florham Village alleges that as of April 2013, New Jersey CVS was obligated to, but did not, pay the increased monthly rent amount. Defendants, it anticipated, would take the position that the rent

---

[1] The Court will consider the lease agreement, attached to Defendants' motion to dismiss, because its authenticity is not disputed and Florham Village relies on it in its Complaint. *Pension Benefits Guar. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993).

increase would not become effective until July 2, 2013. *Id.* Also in dispute, then, is the additional rent for April, May, and June, which amounts to approximately $12, 946.50.

Plaintiff, citing the terms of the lease, also claims a monthly late charge of 4% per month on all unpaid rent, as well as attorney's fees and costs. *Id.* ¶¶ 19, 20.

Pursuant to a Guaranty of Lease dated November 7, 2006, CVS Caremark guaranteed that in the event New Jersey CVS defaulted on any of its obligations under the lease, CVS Caremark would cure the default, and would be responsible for interest, legal fees, and costs. CVS Caremark also consented to be joined as a party in any lawsuit against New Jersey CVS arising out of any default by New Jersey CVS. *Id.* ¶ 21.

Plaintiff filed a one count complaint in Morris County Superior Court on April 18, 2013. (Docket No. 1-1). The complaint seeks payment of all unpaid rent plus any applicable interest, penalties, and legal fees and costs; compensatory damages; consequential damages; and punitive damages. Compl. at 4-5. Defendants removed the case to this Court on May 17, 2013. (Docket No. 1).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.[2]

## II. DISCUSSION

Defendants move to dismiss the complaint pursuant to Fed. R. 12(b)(6) for failure to state a claim for relief. Defendants argue that Florham Village filed the complaint after the statute of limitations expired. Def. Br. (Docket No. 4-1) at 1.

---

[2] Florham Village is a citizen of New Jersey: it is a limited liability company formed under the laws of New Jersey, and its principal place of business is here. Defendant CVS Caremark is incorporated in Delaware, with offices in Rhode Island, and therefore is not a citizen of New Jersey. New Jersey CVS is a limited liability company formed in New Jersey, but it is not a citizen of New Jersey. The citizenship of a limited liability company is determined by the citizenship of its members. *Zambelli Fireworks Manufacturing Co. v. Wood, et al.*, 595 F.3d 412, 419 (3d Cir. 2010). CVS Caremark, the sole member of New Jersey CVS, is not a citizen of New Jersey, as explained above; therefore New Jersey CVS is not a citizen of New Jersey, either.

To state a valid claim for relief, the Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a). The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in favor of the Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

A limitations defense may be raised in a 12(b)(6) motion only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir. 1975)). The statute of limitations for a breach of contract claim under New Jersey state law is six years from the date the claim accrues. N.J.S.A. 2A:14-1.

The dispositive issue here is the date of accrual of this contract claim. The Parties agree that a contract claim accrues "at the time of the breach." Def. Br. at 4; Opp. (Docket No. 10) at 7 (citing 3 N.J. Practice, Civil Practice Forms § 5.8); *see also Neuhart v. Trust Co.*, 2008 WL 2415281 at *5 (N.J. Sup. Ct. App. Div. 2008) (citing 31 Williston on Contracts § 79:14 at 303-04 (Lord ed. 4th ed. 2004)). However, the Parties disagree as to when the breach of the lease agreement occurred.

The Complaint alleges that the work by Florham Village was "substantially complete" on April 3, 2007, making that the "delivery date" of the premises, which triggered the Defendants' obligations under the lease.[3] Def. Br. at 5; at Opp. at 3. Defendants argue that the breach of the contract occurred, and the clock on the statute of limitations started running, on the delivery

---

[3] Defendants accept this allegation for purposes of their motion to dismiss, but continue to dispute the delivery date. Def. Br. at 1.

4

date. Def. Br. at 5. Florham Village contends that the breach did not occur until it was damaged. In Plaintiff's view, the statute of limitations did not start to run until August 1, 2007, when Defendants' obligation to pay rent commenced and they missed their first rent payment. Opp. at 3; at 6-7.

I agree with the view of Florham Village. Although the parties' general obligations under the lease arose at the time of delivery, the obligation to pay rent did not commence until 120 days later. Florham Village is suing for nonpayment of rent. The breach of contract did not arise, and the claim could not accrue, before that obligation had arisen. The Parties agree that the earliest possible date that rent became due would have been August 1, 2007. If, for example, plaintiff had sued for unpaid rent in July 2007, that claim would have been immediately dismissed, because no rent was yet due.

Because the breach occurred when Defendants failed to pay rent beginning on August 1, 2007, the statute of limitations would run from that date, at the earliest. Thus, Florham Village filed its lawsuit in state court on April 18, 2013. That was within the six-year limitations period, with several months to spare.

Defendants' statute of limitations defense also fails under an anticipatory breach theory. *See* Opp. at 7-8; Def. Reply at 9-10. An anticipatory breach is a "a definite and unconditional declaration by a party to an executory contract-through word or conduct-that he will not or cannot render the agreed upon performance." *Ross Sys. v. Linden Dari Delight*, 173 A.2d 258, 264, 35 N.J. 329 (1961); *Gaglia v. Kichner*, 721 A.2d 1028, 1031, 317 N.J. Super 292 (App. Div. 1999). The non-breaching party may attempt to persuade the breaching party to retract the repudiation and perform, or, if the breach is material it may treat the repudiation as terminating the contract. *Gaglia*, 721 A.2d at 1031-32.

Defendants put Florham Park on notice as of April 19, 2007 that they did not regard "delivery" as having occurred on April 3, 2007. Def. Reply Br. (Docket No. 11) at 7. That letter informed Florham Village that Defendants disputed the delivery date. The Defendants had not yet breached their rent obligation because that obligation had not yet taken effect. And Florham Park did not treat the letter as a termination or repudiation; both parties elected to stay in the contract, Defendants occupied the premises, and have been paying rent monthly since October 2007. But assuming *arguendo* that Defendants' letter constituted an anticipatory breach as of April 19, 2007 (the date of the letter's receipt), Florham Park nevertheless filed its action within the limitations

period. The Complaint was filed in state court on April 18, 2013—just within the six year period.

In sum, Florham Park timely filed its Complaint within the six year statute of limitations.

### III. CONCLUSION

Accordingly, Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is **DENIED.**

An Order will be entered in accordance with this Opinion.

Dated: June 11, 2014

_____
**Hon. Kevin McNulty**
**United States District Judge**